# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| ASHLEY DALTON, | * |
| | *   No. 15-1465V |
| | *   Special Master Christian J. Moran |
| Petitioner, | * |
| v. | *   Filed: January 30, 2019 |
| | * |
| SECRETARY OF HEALTH | *   Attorneys' Fees, Interim Award |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * *

Andrew Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner;
Justine Walters, United States Dep't of Justice, Washington, DC, for respondent.

**UNPUBLISHED DECISION AWARDING
ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS**[1]

Ms. Dalton filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa–10 through 34 (2012) on December 3, 2015. Ms. Dalton claims that a human papillomavirus vaccine (HPV) vaccine she received on January 23, 2013 caused her to develop headaches, loss of appetite, insomnia, numbness and tingling in her extremities, behavioral and mood changes, brain fog, dizziness, inability to focus, an autoimmune disorder, chronic fatigue, and myalgia. Petition at 1-2. The underlying injury appears to be dysautonomia. Her counsel of record is Mr. Andrew Downing.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Petitioner filed a motion for an award of attorneys' fees and costs, requesting $38,334.50 in fees and $21,798.09 in costs, for a total of $60,132.59. Petitioner is awarded $52,460.09.

\*   \*   \*

The procedural history is relatively straightforward. After the Secretary found the evidence insufficient for compensation (Resp't's Rep., filed May 2, 2016), Ms. Dalton developed her case by adding reports from experts. She has presented reports from four experts: Gireesh Velugubanti (a neurologist), Jill R. Schofield (an expert in autoimmune disorders), Gordon Miglis (another neurologist), and Yehuda Shoenfeld (another expert in autoimmune disorders). The Secretary has responded with reports from two experts: Kenneth Mack (a neurologist) and James Moy (an immunologist). Presently, Ms. Dalton is planning to file supplemental reports from Dr. Miglis and Dr. Shoenfeld.

Ms. Dalton filed her pending motion on October 15, 2018. Respondent filed his response to petitioner's motion two weeks later. In his response, respondent did not provide any objection to petitioner's request. Resp't's Resp., filed Oct. 29, 2018, at 2. Instead, respondent stated that he "defers to the Special Master to determine whether or not petitioner has met the legal standard for an interim costs award" and whether "the statutory requirements for an award of attorney's fees and costs have been met." Id. Ms. Dalton filed a brief reply, very similar to replies her attorney has filed in other cases.

This matter is now ripe for adjudication.

\*   \*   \*

The pending motion raises a series of sequential questions, each of which requires an affirmative answer to the previous question. First, whether Ms. Dalton is eligible under the Vaccine Act to receive an award of attorneys' fees and costs? Second, whether, as a matter of discretion, Ms. Dalton should be awarded her attorneys' fees and costs on an interim basis? Third, what is a reasonable amount of attorneys' fees and costs? These questions are addressed below.

1. **Eligibility for An Award of Attorneys' Fees and Costs**

As an initial matter, interim fee awards are available in Vaccine Act cases. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Since Ms. Dalton has not received compensation from the Program, she may be

awarded "compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim."  42 U.S.C. § 300aa-15(e)(1).  As the Federal Circuit has stated, "good faith" and "reasonable basis" are two separate elements that must be met for a petitioner to be eligible for attorneys' fees and costs.  Simmons v. Sec'y of Health & Human Servs., 875 F.3d 632, 635 (Fed. Cir. 2017).

"Good faith" is a subjective standard.  Id.; Hamrick v. Sec'y of Health & Human Servs., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).  A petitioner acts in "good faith" if he or she honestly believes that a vaccine injury occurred.  Turner v. Sec'y of Health & Human Servs., No. 99-544V, 2007 WL 4410030, at * 5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  The Secretary has not challenged petitioner's good faith here, and there is little doubt that petitioner brought the claim with an honest belief that a vaccine injury occurred.

In contrast to good faith, reasonable basis is purely an objective evaluation of the weight of the evidence.  Simmons, 875 F.3d at 636.  Because evidence is "objective," the Federal Circuit's description is consistent with viewing the reasonable basis standard as creating a test that petitioners meet by submitting evidence.  See Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6234660 at *12-13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (explaining that reasonable basis is met with evidence), mot. for rev. denied, 116 Fed. Cl. 276 (2014).  Collectively, the reports from the experts constitute a reasonable basis.

2. **Appropriateness of an Interim Award**

Interim awards should not be awarded as a matter of right.  Avera, 515 F.3d at 1352 (Fed. Cir. 2008).  Instead, petitioners must demonstrate "undue hardship."  Id.  The Federal Circuit noted that interim fees "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  Id.  The Circuit has also considered whether petitioners faced "only a short delay in the award" before a motion for final fees could be entertained.  Id.

The Federal Circuit has not attempted to specifically define what constitutes "undue hardship" or a "protracted proceeding."  In the undersigned's practice, interim fees may be appropriate when the amount of attorneys' fees exceeds $30,000 and the case has been pending for more than 18 months.  Ms. Dalton clears both hurdles.  It is also notable that Ms. Dalton is not likely to have a

hearing on entitlement held prior to 2021.  Accordingly, an interim fee award for Ms. Dalton is appropriate.

### 3. Reasonableness of the Requested Amount

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs.  42 U.S.C. § 300aa-15(e)(1).  Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach.  Avera, 515 F.3d at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); Saxton ex rel. v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  The undersigned is obligated to assess the reasonableness of the request for attorneys' fees and costs regardless of the lack of objection from the Secretary.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

####  A. Reasonable Hourly Rate

A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate.  Avera, 515 F.3d at 1349.  If these two requirements are met, the Davis County exception applies, and petitioner's counsel is paid according to the local rate to avoid a "windfall."  Id.; see Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 757-60 (D.C. Cir. 1999).

Reasonable hourly rates for Mr. Downing and his associates have been set previously.  See Bourche v. Sec'y of Health & Human Servs., No. 15-232V, 2017 WL 2480936 (Fed. Cl. Spec. Mstr. May 11, 2017).  To adjust for the excessive hourly rates proposed here, $1,672.50 is deducted.

#### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  The Secretary did not challenge any of the requested hours as unreasonable.

The billing entries are sufficiently detailed to conclude that the time Mr. Downing, his associate, and his paralegals spent working on Ms. Dalton's case was reasonable.

C.  Costs

Ms. Dalton requests $21,798.09 in costs incurred by her attorney. Pursuant to General Order No. 9, Ms. Dalton filed a statement confirming that she did not incur any costs personally. Exhibit 136. The requested amount includes costs associated with retrieving medical records, the court filing fee, shipping, and expert fees. The routine (non-expert) costs, which total $1,458.09 are reasonable.

The remainder, $20,340.00, concerns the costs for expert reports. These costs include: $1,750.00 for Dr. Schofield (Pet'r's Fees Mot., exhibit A, at 66); $8,090.00 for Dr. Shoenfeld (id. at 70); and, $4,500.00 for Dr. Miglis (id. at 72-74).[2] The amounts requested for these three experts are reasonable.

Ms. Dalton also seeks $6,000.00 for work Dr. Velagubanti performed. This cost is DENIED WITHOUT PREJUDICE to renew the request. When and if Ms. Dalton resubmits an invoice for Dr. Velagubanti, she should address his background and suitability as an expert witness.

\*   \*   \*

Accordingly, petitioner is awarded:

**A lump sum of $52,460.09 in the form of a check made payable to petitioner and petitioner's attorney, Andrew Downing.**

This amount represents reimbursement attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[2] In future requests, Dr. Miglis should show how he billed against a retainer.