# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| ASHLEY DALTON, | * | |
| | * | No. 15-1465V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: August 31, 2020 |
| | * | |
| SECRETARY OF HEALTH | * | Entitlement, dismissal |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * *

Andrew D. Downing, Van Cott & Talamante, PLLC, for petitioner;
Debra A. Filteau Begley, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Ashley Dalton alleged that a human papillomavirus (HPV) vaccine she received on January 23, 2013, caused her to suffer from an autoimmune disorder, chronic fatigue, myalgia, and various other symptoms and aggravated underlying symptoms of a pre-vaccination mild concussion. Petition, filed Dec. 3, 2015, ¶ 9, 11.[2] On August 3, 2020, Ms. Dalton moved for a decision dismissing her petition.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website (https://www.uscfc.uscourts.gov/aggregator/sources/7). Once posted, anyone can access this decision via the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will be reflected in the document posted on the website.

[2] Because Ashley Dalton was a minor when the petition was filed, her mother was the initial petitioner. After Ms. Dalton reached the age of majority, she assumed the role of petitioner. Order, issued Oct. 20, 2017. For simplicity, the decision refers to Ms. Dalton as the petitioner throughout the life of the case.

## I.    **Procedural History**

      Ms. Dalton filed a petition on December 3, 2015, and submitted supporting medical records over the next few months. After Ms. Dalton filed a statement of completion on February 1, 2016, the Secretary proposed a due date for his Rule 4 report. Resp't's Status Rep., filed Mar. 1, 2016.

      In his Rule 4 report, the Secretary opposed compensation arguing that the medical records placed the onset of Ms. Dalton's headaches one year after her third HPV vaccination and that Ms. Dalton had not presented a persuasive medical theory. Resp't's Rep., filed May 2, 2016, at 10-11. At a status conference to discuss the Rule 4 report, Ms. Dalton was ordered to file her school records to address onset. Order, issued May 11, 2016. After submitting the school records, Ms. Dalton stated her intent to file an expert report. Order, issued July 11, 2016.

      Ms. Dalton filed an expert report from Dr. Gireesh Velugubanti, one of her treating physicians. Exhibit 24. At a subsequent status conference, respondent requested clarification on the injury that Ms. Dalton was alleging. For Ms. Dalton to file a report from a retained expert, the undersigned issued expert instructions. Order, issued Feb. 15, 2017.

      Ms. Dalton filed an expert report from Dr. Jill Schofield suggesting that Ms. Dalton may be suffering from postural tachycardia syndrome ("POTS"). Exhibit 42. Because Dr. Schofield's report did not comply with the expert instructions, Ms. Dalton was ordered to file a supplemental expert report from Dr. Schofield. Ms. Dalton advised that Dr. Schofield would not be providing a supplemental report because she found the expert instructions to be burdensome. Pet'r's Status Rep., filed Sept. 27, 2017. At a status conference to discuss this issue, the undersigned explained that he had ordered a supplemental report because Dr. Schofield's opinion contained gaps in the medical theory and timing prongs. Ms. Dalton was permitted additional time to retain a new expert. Order, issued Oct. 11, 2017.

      On January 29, 2018, Ms. Dalton filed an expert report from Dr. Mitchell Miglis providing a diagnosis of autonomic dysfunction, but not POTS, and identifying fibromyalgia as a symptom. Exhibit 64. Ms. Dalton then filed an expert report from Dr. Yehuda Shoenfeld to address the medical theory. Exhibit 66. Dr. Shoenfeld offered medical theories connecting the HPV vaccine to POTS

and fibromyalgia.  At a status conference to discuss Dr. Shoenfeld's report, the undersigned noted that neither Dr. Shoenfeld nor Dr. Miglis had clearly stated their positions on timing.  Ms. Dalton proposed filing a status report to clarify her experts' position on timing.  Ms. Dalton also confirmed that she would no longer rely on Dr. Schofield's opinion, and, consequently, it was then stricken from the record.  Order, issued May 15, 2018.

On June 13, 2018, Ms. Dalton filed a status report on her experts' positions regarding timing.  A few days later, Ms. Dalton filed a status report addressing a medical article on the diagnostic criteria for adverse effects after an HPV vaccination.  Pet'r's Status Rep., filed June 18, 2018.  The Secretary moved to strike the status report arguing that Ms. Dalton's experts had not addressed the diagnostic criteria.  Resp't's Resp., filed June 29, 2018.  The Secretary's motion was denied but the undersigned questioned the importance of the article.  Order, issued July 27, 2018.

On December 7, 2018, the Secretary filed expert reports from Dr. Kenneth Mack and Dr. James Moy.  Exhibits A, C.  Both experts disputed the proposed diagnosis of POTS, with Dr. Moy also disputing that Ms. Dalton was suffering from an autoimmune disease and Dr. Mack proposing a diagnosis of new persistent daily headache.

Ms. Dalton filed a responsive expert report from Dr. Miglis on February 12, 2019, and a responsive report from Dr. Shoenfeld on April 30, 2019.  Exhibits 138, 141.  The Secretary requested the opportunity to file responsive expert reports.  Resp't's Status Rep., filed July 8, 2019.

On November 26, 2019, the Secretary filed responsive reports from his experts.  Exhibits X, Y.  Ms. Dalton advised that she did not need to file any further responsive reports.  Order, issued Nov. 22, 2019.

The undersigned then issued an order outlining the content of briefs and a schedule.  Order, issued Dec. 3, 2019.  Ms. Dalton filed her brief on February 14, 2020.

Before the Secretary filed his brief, Ms. Dalton moved to stay all deadlines due to the possibility that she would dismiss her vaccine claim and join multi-district litigation against the vaccine manufacturer.  Pet'r's Mot. Stay, filed July 31, 2020.  Ms. Dalton's motion to stay was granted.  Order, issued July 31, 2020.

On August 3, 2020, Ms. Dalton moved for a decision dismissing her petition. While Ms. Dalton was requesting dismissal of her claim, she maintained that "This choice should not be viewed in any way that [she] does not believe in the merits of her claim or that her injuries are not a result of [the vaccine]." Pet'r's Mot. Dismiss at 2. Ms. Dalton indicated that the Secretary did not oppose the motion. The Secretary did not file a response. This matter is now ready for adjudication

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, Ms. Dalton filed medical records and expert reports in support of her claim, but nonetheless, wishes to have her claim dismissed and judgment entered against her pursuant to 42 U.S.C. § 300aa—21(a). To conclude the proceedings on the petition and have judgment enter, a decision must be issued. Vaccine Rules 10(c), 11(a).

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law." Here, although the parties were in the process of presenting arguments, the evidence weighs against a finding that Ms. Dalton suffered from POTS. Without a showing that the vaccinee suffered the injury that the vaccine allegedly caused, the remainder of the case becomes moot. See Broekelschen v. Sec'y of Health and Human Servs., 618 F.3d 1339, 1346 (Fed. Cir. 2010). Accordingly, the undersigned is not required to evaluate whether the HPV vaccine can cause POTS.

4

5

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** <u>See</u> Vaccine Rule 21(b).

**IT IS SO ORDERED.**

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master
